UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-27-FDW
(3:06-cr-391-FDW-1)

| | |
|---|---|
| CLARENCE ANTWAINE ADAMS,  )<br>  )<br>      Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>  )<br>      Respondent.  )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

On January 23, 2007, Petitioner pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (3:03-cr-391, Doc. No. 72). Petitioner did not appeal. On December 11, 2008, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed as untimely on December 17, 2008. (Id., Doc. Nos. 187; 188: Civil No. 3:08-cv-573). The Fourth Circuit subsequently affirmed the dismissal. United States v. Adams, 361 Fed. App'x 504 (2010). On January 16, 2013, Petitioner filed the present Section 2255 motion.

**II.    STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

-1-

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Petitioner filed the instant Motion to Vacate on January 16, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:06-cr-391. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on December 11, 2008. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:06-cr-391.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.[1] See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to

---

[1] Petitioner admits in his Motion to Vacate that this is a successive petition, but he asks this Court to consider it nonetheless. Section 2255(h), however, clearly directs that Petitioner must seek permission from the Fourth Circuit Court of Appeals before this Court may even obtain jurisdiction over the petition.

obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 23, 2013

Frank D. Whitney
United States District Judge